USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __09/29/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHERINE TSETSEKOS,

                 Plaintiff,

-against-

HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY,

                 Defendant.

No. 24-cv-02920-NSR

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Plaintiff Katherine Tsetsekos ("Plaintiff") commenced this action against Horizon Blue Cross Blue Shield of New Jersey ("Defendant" or "Horizon") on April 17, 2024, seeking recovery of benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Plaintiff alleges that Horizon wrongfully denied coverage for an air ambulance transfer during a medical emergency abroad and asserts a breach of contract claim under ERISA § 1132(a)(1)(B), based on Horizon's refusal to provide benefits she contends were medically necessary and covered under the terms of her health plan. ("Complaint" or "Compl." ¶¶ 28, 29; ECF No. 1.)

Before the Court is Defendant's motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ("Def. Mot.," ECF No. 17.) For the reasons set forth below, Defendant's motion is GRANTED.

1

**FACTUAL BACKGROUND**

The following facts are taken from Plaintiff's Complaint and, for purposes of the present motion, are accepted as true. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

In July 2022, while vacationing in Greece, Plaintiff suffered a severe brain aneurysm and seizure. (Compl. ¶ 7.) Over the course of 28 days, she was admitted to and treated at three different hospitals in Greece. (*Id*. ¶ 8.) Plaintiff alleges that the care she received was inadequate and directly caused a series of severe complications, including hydrocephalus, ventriculitis, meningitis, pneumonia, bacteremia, and hemiparesis. (*Id*. ¶¶ 9–14.) During this time, she was also diagnosed with COVID-19. (*Id*. ¶ 10.)

The Complaint avers that following a coil embolization procedure on July 28, 2022, Plaintiff's condition deteriorated further. (*Id*. ¶¶ 13–14.) Plaintiff contends that the hospital in Greece was unable to provide the care she needed and that, due to COVID-related restrictions, transfer to another hospital within Europe was not feasible. (*Id*. ¶ 17.) On August 8, 2022, at Plaintiff's request Plaintiff was transported via air ambulance to Westchester Medical Center in New York, where she received further treatment. (*Id*. ¶ 18.)

Plaintiff was insured under a group health plan administered by Horizon and sponsored by her employer, Pfizer, Inc. (*Id*. ¶¶ 2–3.) The plan covers emergency medical transport services, including air ambulance transport, when deemed "medically necessary." (*Id*. ¶¶ 19–20.) Under the policy, ground ambulance transportation is considered medically necessary when: (1) it is provided by an approved supplier; (2) other forms of transportation are medically contraindicated (i.e., unsafe or inadvisable based on her medical condition); and (3) the member is transported to the nearest hospital with appropriate facilities. (*Id*.) Air ambulance services are covered only if these ground criteria are met and either (a) other emergency transportation would endanger the member's health, or (b) the pickup location is inaccessible by ground. (*Id*.)

On September 12, 2023, Horizon denied Plaintiff's claim for reimbursement, stating that her air transport to Westchester Medical Center did not meet the policy's requirement that covered transport be to the "nearest hospital with appropriate facilities." (*Id*. ¶ 22.) Horizon denied Plaintiff's request for coverage by letter dated September 12, 2023, citing that the transport to Westchester Medical Center did not meet the requirement that services be rendered at the "nearest hospital with appropriate facilities." (*Id*. ¶ 22.) Plaintiff appealed the determination and exhausted all administrative remedies before initiating this action. (*Id*. ¶¶ 23–24.)

## PROCEDURAL BACKGROUND

Plaintiff commenced this action on April 17, 2024, asserting a single claim for benefits under ERISA for "Breach of Contract—29 U.S.C. § 1132(a)(1)(B)." Defendant now moves to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has not alleged sufficient facts to establish that her air transport met the policy's requirements for coverage.

The Parties have filed memoranda in connection with the instant motion: Defendant's Pre-Motion Conference Letter, dated June 14, 2024 ("Deft. PMC Ltr.," ECF No. 9); Plaintiff's Letter in Response, dated June 21, 2024 ("Pl. PMC Resp.," ECF No. 10); Defendant's Memorandum of Law in Support of Its Motion to Dismiss, filed August 7, 2024 ("Deft. Mem.," ECF No. 18); Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, filed October 21, 2024 ("Pl. Opp'n Mem.," ECF No. 19); and Defendant's Reply Memorandum of Law in Further Support of Its Motion to Dismiss, also filed October 21, 2024 ("Deft. Reply Mem.," ECF No. 20).

# LEGAL STANDARDS

### I. Rule 8(a)(2) and Rule 12(b)(6)

While Federal Rule of Civil Procedure 8(a)(2) sets a liberal pleading standard, requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must still meet the plausibility threshold of Rule 12(b)(6). FED. R. CIV. P. 8(a)(2); FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requires more than labels or conclusions; the complaint must contain factual content that allows the court to draw the reasonable inference that the defendant is liable. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, even where a complaint satisfies Rule 8's notice-pleading standard, it may still be dismissed under Rule 12(b)(6) if it fails to allege facts sufficient to support a claim for relief. *See id*. at 555. Although ERISA claims are subject to the notice pleading rules of Rule 8, courts in this Circuit routinely apply Rule 12(b)(6) to assess whether the complaint plausibly alleges a wrongful denial of benefits. *Zeuner v. SunTrust Bank Inc.*, 181 F. Supp. 3d 214, 220 (S.D.N.Y. 2016).

### II. Pleading Requirements for ERISA § 502(a)(1)(B) Claims

Plaintiff's claim for benefits is styled as a breach of contract under § 502(a)(1)(B) of ERISA. To state a plausible claim at the pleading stage, Plaintiff must allege facts showing: (1) the existence of an ERISA plan; (2) her entitlement to benefits under the plan's terms; (3) a denial of those benefits; and (4) that the denial was wrongful. *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 114 (2d Cir. 2008). While the standard of review under the plan may ultimately be arbitrary and capricious, a plaintiff must still allege facts at the pleading stage that, if taken as true, would render the denial inconsistent with the plan's terms or otherwise unreasonable. *Zeuner*, 181

4

F. Supp. 3d at 220 ("Even under arbitrary and capricious review, the plaintiff must plead some factual basis to suggest that the denial of benefits was unreasonable under the terms of the plan.").

### III. Arbitrary and Capricious Standard of Review

A court reviews a plan administrator's decision de novo unless the plan confers discretionary authority, in which case the arbitrary and capricious standard applies. *Pinkham v. Aetna Life Ins. Co.*, No. 15-CV-6462 (KMK), 2017 WL 4286330, at *6 (S.D.N.Y. Sept. 26, 2017); *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 130 (2d Cir. 2008). Under this deferential standard, a court may overturn a denial of benefits only if the decision was "without reason, unsupported by substantial evidence[,] or erroneous as a matter of law." *Four Winds v. Travelers Ins. Co.*, 1995 WL 640476, at *3–4 (S.D.N.Y. Nov. 1, 1995); *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Battacharia v. Pernod Ricard USA, LLC*, No. 13-cv-7222 (NSR), 2015 WL 4879204, at *38–39 (S.D.N.Y. Aug. 13, 2015). Review is limited to the administrative record. *Pinkham*, 2017 WL 4286330, at *7; *Miller v. United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995); *Novick v. Metro Life Ins. Co.*, 914 F. Supp. 2d 507, 521 (S.D.N.Y. 2012).

## DISCUSSION

Even accepting all factual allegations as true, Plaintiff fails to plausibly allege that Horizon's denial of air ambulance coverage breached the Plan, as she offers no facts showing that transport to Westchester Medical Center was medically necessary or met any prerequisites for coverage. To state a claim for wrongful denial of benefits under ERISA, a plaintiff must allege facts that, if true, would demonstrate entitlement to benefits under the terms of the plan. Conclusory allegations of entitlement are insufficient; rather, a plaintiff must plead concrete facts establishing that the requested treatment was covered and medically necessary under the Plan's

express criteria. *Doe v. Oxford Health Plans (NY), Inc.*, 24-cv-5922 (LJL), 2025 WL 1105287 (S.D.N.Y. Apr. 14, 2025).

### I. The Plan's Requirements for Air Ambulance Benefits

Under the terms of the Plan, air ambulance services are only covered when all three ground ambulance requirements are first met: (1) the transport is rendered by an approved ambulance supplier; (2) use of other forms of ground transportation is medically contraindicated; and (3) the member is transported to the nearest hospital with appropriate facilities for treatment. In addition, one of the following requirements must be met: (A) the time needed to transport the member by any other form of emergency transportation, or the instability of other such forms, poses a threat to the member's condition or survival; or (B) the point of pickup is inaccessible by other forms of emergency transportation. (Compl. ¶¶ 19–20.)

Here, the Complaint consists almost entirely of bare legal conclusions that fail to support Plaintiff's assertions. The Court analyzes whether Plaintiff has plausibly alleged the elements necessary to state a breach of contract claim for Horizon's denial of air ambulance benefits. *Paneccasio*, 532 F.3d at 114. The Court addresses four principal deficiencies in the Complaint: (1) the failure to allege that the air ambulance provider was an approved supplier under the Plan; (2) the failure to allege that ground transportation was medically contraindicated; (3) the failure to allege that Plaintiff was transported to the nearest appropriate hospital; and (4) the failure to satisfy the Plan's additional requirements for air transport, including time sensitivity or pickup inaccessibility. As discussed below, each of these omissions renders the Complaint insufficient under the pleading standards set forth in *Twombly* and *Iqbal*. Accordingly, Plaintiff's claim is dismissed. *Zeuner*, 181 F. Supp. 3d at 220 (holding that dismissal of an ERISA claim under Rule 12(b)(6) is "appropriate where the complaint fails to state a plausible claim for relief.").

### 1. Plaintiff Fails to Allege Transport by an Approved Ambulance Provider

While Plaintiff alleges that the air ambulance company appealed the denial on her behalf, she fails to provide facts identifying the provider or establishing that it was an "approved ambulance service supplier" as required by the Plan. *See LePino v. Anthem Blue Cross Life & Health Ins. Co.*, 2021 WL 4310705, at *3 (S.D.N.Y. Aug. 4, 2023) (granting motion to dismiss where plaintiff failed to plausibly allege that the provider met preauthorization or approval requirements under the health plan). (Compl. ¶ 20.) The record merely shows that the provider initiated an external review, which upheld Horizon's denial. (Compl. ¶¶ 23–25.) But an appeal alone does not indicate that the provider was in-network or authorized under the Plan. *See Doe*, 2025 WL 1105287 at *3-7 (rejecting plaintiff's argument that an internal appeal retroactively authorized out-of-network air ambulance service; explaining that the appeal did not substitute for required prior authorization or establish eligibility under the Plan's terms); *see also Firestone,* 489 U.S. at 115 (explaining that an administrator has discretion to interpret plan terms, including eligibility and approvals). Plaintiff pleads no facts that plausibly support a right to relief.

### 2. Plaintiff Fails to Allege Ground Transportation Was Medically Contraindicated

Next, Plaintiff fails to plead that ground transportation was medically contraindicated—a requirement under the Plan. (Compl. ¶ 20.) She asserts in conclusory terms that ground transport was not feasible, but she offers no physician opinion, clinical findings, or medical documentation indicating that such transport posed a risk or was even considered. *Anonymous v. Oxford Health Plans (NY) Inc.*, No. 17-CV-3894 (DRH), 2020 WL 13542534 (E.D.N.Y. Aug. 24, 2020) (granting motion to dismiss where plaintiff provided no medical evidence that closer facilities were inadequate or posed a risk, despite alleging severe condition). The Complaint is silent as to why ground transportation was unsafe or unworkable and includes no factual support showing that

7

Plaintiff's condition prevented her from traveling by land within Europe. This absence of specific, factual allegations renders her claim implausible under the pleading standards of *Twombly* and *Iqbal*, which require more than mere labels and conclusions. *Doe*, 2025 WL 1105287; *Hinchey v. First Unum Life Ins. Co.*, No. 17-CV-08034 (NSR), 2020 WL 1331898 (S.D.N.Y. Mar. 20, 2020), *aff'd*, 848 F. App'x 481 (2d Cir. 2021) (dismissing ERISA claim based on conclusory statement that plaintiff was unable to work, unsupported by objective evidence). Because the Complaint contains no factual allegations or supporting evidence that ground transportation was medically contraindicated, Plaintiff fails to meet the pleading standard under *Twombly*.

### 3. Plaintiff Does Not Plausibly Allege She Was Transported to the Nearest Appropriate Hospital

Further, Plaintiff fails to allege that Westchester Medical Center was the nearest hospital with appropriate facilities for treatment, as required under the Plan. While she contends that she was transferred among three hospitals in Greece and cites her deteriorating condition as evidence of inadequate care, she offers no objective medical evidence—such as physician assessments, diagnostic findings, or comparative evaluations—demonstrating that those hospitals, or other nearby facilities in Greece or Europe, were incapable of providing appropriate treatment. *See Anonymous* 2020 WL 13542534. On the contrary, the record reflects that Dr. Aristotle Mitsos concluded appropriate care was available at the hospital where Plaintiff was being treated, and Horizon's denial was upheld by an independent review organization. *See id.* (upholding denial of air transport after finding appropriate care was available locally and emphasizing the insurer's discretion to determine medical necessity under the plan).

Plaintiff cannot overcome this medical determination by asserting her or her family's subjective belief that a hospital in New York would offer superior care, or by speculating that local treatment in Greece would remain inadequate. *Id.* (emphasizing that a preference for more

advanced or familiar treatment does not meet constitute as medically necessary; rejecting transport claim based on patient preference for an out-of-network hospital and emphasizing that ERISA does not require coverage for such preferences). Moreover, Plaintiff does not allege any facts undermining the thorough review process conducted by multiple medical and benefits professionals, whose specialized training and objective evaluation are critical to assessing whether coverage decisions align with plan terms and clinical standards. *Pinkham*, 2017 WL 4286330, at *9 (upholding denial of benefits where multiple qualified professionals assessed the plaintiff's medical records and determined that her condition did not meet the policy's disability criteria; emphasizing that a review supported by consistent findings from experts in the field could not be considered arbitrary).

      Plaintiff cannot overcome this medical finding by asserting her or her family's subjective belief that a hospital in New York would offer superior care or by speculating that local treatment in Greece would continue to be inadequate. Further, ERISA benefits do not guarantee access to the best possible care, but to medically necessary care at the nearest appropriate facility. *Id*., 2017 WL 4286330, at *9 (noting that a desire for "better" care does not meet plan criteria for medical necessity and noting also that when appropriate care exists locally, air transport to a more desirable facility is not covered). At best, Plaintiff's complaint reflects a preference for treatment at Westchester—not an objective medical necessity under the Plan's terms, falling short of what is required to state a viable breach of contract claim. *See Anonymous*, 2020 WL 13542534, at *15 (acknowledging that, while it was "logical" for the patient's care to take place closer to family, the plan administrator appropriately exercised discretion in denying transfer because the decision was based on preference and convenience).

Plaintiff also fails to allege that she considered or was unable to access other potentially closer hospitals within the broader region of Europe. Her fallback argument—that COVID-related "prohibitions" and "red tape" made further transfer within Europe "impractical"—rests on conclusory allegations unsupported by any concrete factual detail. *See Moskowitz v. Principal Life Ins. Co.*, No. 21-CV-3030-LTS, 2023 WL 4865721 (S.D.N.Y. July 31, 2023) (granting motion to dismiss where plaintiff relied on "naked assertions" and failed to plead supporting facts as required under *Twombly*). Plaintiff does not identify a single country, regulation, or concrete restriction that would have barred her transfer to another hospital in Europe. *See also Banco Santander (Brasil), S.A. v. Am. Airlines, Inc.*, No. 20-CV-3098 (RPK) (RER), 2021 WL 4820646, at *4 (E.D.N.Y. Oct. 15, 2021) (rejecting force majeure claim based on vague references to pandemic-related restrictions). Courts have consistently rejected generalized COVID-related defenses that lack such particularized support, distinguishing them from cases involving concrete obstacles like documented flight cancellations or border closures. *Cf. id.* (requiring specific allegations such as the actual government rule, countries affected, or precise timing of the alleged interference). Without asserting facts such as identifying a single European nation's policy or any objective barrier that prevented further transfer, Plaintiff's vague references to "red tape" cannot support a plausible claim. *Id.* (re-emphasizing that generalized allegations that COVID restrictions prevented travel without identifying specific regulations, rules, or a timeframe are legally insufficient). Plaintiff's fallback argument—that COVID-related "prohibitions" and "red tape" made further transfer within Europe "impractical"—rests on conclusory allegations unsupported by any concrete factual detail. These vague references to COVID-related obstacles do not provide the Court with a factual basis to assess the necessity or unavailability of other appropriate facilities closer than New York. Therefore, Plaintiff's failure to plead the requisite facts showing

unavailability of adequate care closer than New York falls short of the specificity required to state a plausible ERISA breach of contract claim.

### 4. Plaintiff Does Not Satisfy the Additional Prong for Air Transport

Even if Plaintiff had adequately alleged that ground transportation criteria were met, she fails to plead facts showing that (A) time or instability of other transportation posed a threat to her survival, or (B) that the pickup point was inaccessible by other emergency means. *Id.* (granting motion to dismiss for failure to allege specific facts supporting breach of contract and ERISA claims). She offers no allegations regarding the duration, logistics, or risks of alternative transportation options available within Europe, nor does she explain why ground transfer to another European facility was unavailable or unsafe. Plaintiff attempts to deflect from this failure by asserting that "ground transportation across the Atlantic Ocean" was "medically contraindicated." (Letter from Pl. to Hon. Nelson S. Román, *Tsetsekos v. Horizon Blue Cross Blue Shield of N.J.,* No. 7:24-cv-02920 (S.D.N.Y. June 21, 2024), ECF No. 37.)

The relevant inquiry under the Plan is not whether she could be driven from Greece to New York, but whether her condition prevented safe and timely transport to a nearby facility within Europe. *Anonymous*, 2020 WL 13542534, at *8 (dismissing air transport claim where plaintiff failed to show local transportation posed a survival threat or that air transport was medically necessary). "Axiomatically impossible transatlantic" ground transport does not excuse her failure to plead unavailability of nearer options. *Id.*; (Letter from Pl. to Hon. Nelson S. Román, *Tsetsekos v. Horizon Blue Cross Blue Shield of N.J.*, No. 7:24-cv-02920 (S.D.N.Y. June 21, 2024), ECF No. 37). Therefore, because Plaintiff fails to allege sufficient facts showing that she met the Plan's criteria for air ambulance coverage, her breach of contract claim does not survive the pleading stage. Accordingly, Plaintiff's claims are dismissed without prejudice.

**II. Discovery is Not a Substitute for Pleading Facts**

Plaintiff's assertion that discovery may uncover whether the air ambulance provider was approved under the Plan cannot cure her failure to plead that fact in the Complaint, as discovery is not a substitute for alleging sufficient facts at the outset. *Zeuner*, 181 F. Supp. 3d at 220 (rejecting argument that discovery might cure a deficient complaint where allegations were insufficient as a matter of law). *Twombly* and *Iqbal* require a plaintiff to state a plausible claim before proceeding to discovery, and Plaintiff's speculation falls short of that standard. *See id*. Her claim, therefore, cannot proceed.

**III. Arbitrary and Capricious Standard of Review**

Even if the Complaint was sufficient to survive dismissal, the Court may consider the administrative record, which confirms that Horizon's denial was based on multiple levels of clinical review and was neither arbitrary nor capricious. *Stolarik v. N.Y. Times Co.*, 323 F. Supp. 3d 523, 539 (S.D.N.Y. 2018) ("Claims for benefits under ERISA are adjudicated on the basis of the administrative record"); *Pinkham* 2017 WL 4286330, at *7 (applying the arbitrary and capricious standard because Aetna's Summary Plan Description granted it "the discretionary authority to interpret the coverages and the insurance policy and to determine eligibility for benefits"). Where, as here, the administrative record contains reasoned determinations from multiple qualified professionals concluding that treatment in Greece was adequate and that air transport was not medically necessary, the Court must defer to the plan administrator's judgment. Courts in this Circuit routinely recognize that insurers are de facto fiduciaries under standard ERISA-regulated plans and thus are accorded arbitrary and capricious review. *Salisbury v. Prudential Ins. Co. of Am.*, 238 F. Supp. 3d 444, 448 (S.D.N.Y. 2017) (confirming that insurers typically have discretionary authority even where the plan does not explicitly use the word

"discretion"); *Wojciechowski v. Metro. Life Ins. Co.*, 1 F. App'x 77 (2d Cir. 2001) (upholding insurer as sole fiduciary with discretionary authority under the plan). Since the Complaint does not state a claim on its face and the administrative record fails to support Plaintiff's claim, the Court dismisses Plaintiff's claim.

### IV. Request for Jury Trial

Finally due to Plaintiff's failure to state a claim and the equitable nature of ERISA § 1132(a)(1)(B), Plaintiff is not entitled to a jury trial. The Second Circuit has repeatedly held that there is no Seventh Amendment right to a jury trial in suits for ERISA benefits because such actions are equitable, not contractual. *O'Hara v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 642 F.3d 110, 116 (2d Cir. 2011) ("[T]here is no right to a jury trial in a suit brought to recover ERISA benefits"). This Court therefore must follow the Second Circuit's long-standing rule that there is no right to a jury trial in a suit to recover ERISA benefits under 29 U.S.C § 1132(a)(1)(B) and denies Plaintiff's demand for a jury trial.

## CONCLUSION

Based on the foregoing, Defendant's motion to dismiss is GRANTED and Plaintiff's claims are dismissed without prejudice. Plaintiff is granted leave to file an Amended Complaint. Plaintiff will have until October 10, 2025 to do so, consistent with this Order. Plaintiff is advised that the Amended Complaint will replace, not supplement, the Amended Complaint, and so any claims they wish to pursue must be included in, or attached to, the Amended Complaint. Should Plaintiff file an Amended Complaint, Defendants are directed to answer or otherwise respond to the Amended Complaint by October 31, 2025.

If Plaintiff fails to file an Amended Complaint within the time allowed, those claims dismissed without prejudice by this Order will be deemed dismissed with prejudice and the case

will be deemed terminated. The Clerk of Court is kindly directed to terminate the motion at ECF No. 17.

SO ORDERED,

Dated: September 29, 2025
      White Plains, New York

_____
    Hon. Nelson S. Román
    U.S. District Court, S.D.N.Y.